IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

HOWARD YOUNG,                          )
                                       )
       Plaintiff,                      )
                                       )
v.                                     )   Case No. 3:24-CV-1177
                                       )
WILLIAM L. CAMPBELL, JR.,              )
                                       )
       Defendant.                      )

MEMORANDUM OPINION AND ORDER

Federal prisoner Howard Young filed a *pro se* civil complaint under 42 U.S.C. § 1983 against U.S. District Judge William L. Campbell, Jr. The case is now before the court for initial review under the Prison Litigation Reform Act, 28 U.S.C. § 1915A.

I. BACKGROUND

Young sued Judge Campbell in both his individual and official capacity, alleging that he is engaged in "wrongful actions" with regard to two of Young's court filings: (1) a motion for compassionate release filed in Young's criminal case before Judge Campbell in June 2022, and (2) a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, filed in district court in October 2022 after Young's attempt to raise postconviction claims on direct appeal was rejected.[1] Doc. No. 1 at 2–3. Young alleges that Judge Campbell has violated his due process rights by presiding over both filings for more than two years without acting to resolve either motion. *Id.* at 2–4. He seeks an order enjoining Judge Campbell to act on these motions "without

---

[1] The complaint refers to the September 2022 ruling of the Sixth Circuit, "for plaintiff to file a U.S.C. Section 2255 motion to pursue ineffective assistance of counsel." Doc. No. 1 at 3; *see United States v. Young*, No. 21-5724, Doc. No. 29-2 (6th Cir. Sept. 22, 2022).

unreasonable delays." *Id.* at 5. He also seeks an award of compensatory and punitive damages against Judge Campbell. *Id.*

## II. LEGAL STANDARDS

In cases filed by prisoners, the court must conduct an initial screening and dismiss the complaint (or any portion thereof) if it is facially frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c).

To determine whether the complaint states a claim upon which relief may be granted, the court reviews for whether it alleges sufficient facts "to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). At this stage, "the Court assumes the truth of 'well-pleaded factual allegations' and 'reasonable inference[s]' therefrom," *Nat'l Rifle Ass'n of Am. v. Vullo*, 602 U.S. 175, 181 (2024) (quoting *Iqbal*, 556 U.S. at 678–79), but is "not required to accept legal conclusions or unwarranted factual inferences as true." *Inner City Contracting, LLC v. Charter Twp. of Northville, Michigan*, 87 F.4th 743, 749 (6th Cir. 2023) (citation omitted). The court must afford the *pro se* complaint a liberal construction, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), while viewing it in the light most favorable to Young. *Inner City*, 87 F.4th at 749.

Plaintiff filed the complaint under Section 1983, which authorizes a federal action against any person who, "under color of state law, deprives [another] person of rights, privileges, or immunities secured by the Constitution or conferred by federal statute." *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012); 42 U.S.C. § 1983. The complaint must therefore plausibly allege (1) a deprivation of a constitutional or other federal right, and (2) that the

2

deprivation was caused by a "state actor." *Carl v. Muskegon Cnty.*, 763 F.3d 592, 595 (6th Cir. 2014).

### III. DISCUSSION

The complaint is subject to dismissal on multiple grounds. To begin with, Young brings this action under Section 1983, the vehicle for vindicating federal rights against state actors who would infringe on or deny them. As mentioned above, Judge Campbell is a federal judge, not a state actor, so he cannot be sued under Section 1983. *See, e.g., Smith v. Burton*, No. 4:21-CV-10762, 2021 WL 3269060, at *2 (E.D. Mich. July 30, 2021) (finding that defendant federal judge was not a state actor and so could not be sued under Section 1983).

Even if the Court were to liberally construe the complaint as filed under the doctrine announced in *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), under which a federal official may be held to answer for violating federal law, this case would be barred from proceeding by the doctrines of sovereign and judicial immunity.

First, any claim brought against a federal official in his or her official capacity effectively seeks to recover against the United States, as the official's employer. *See Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985) (official-capacity suit against government official is "to be treated as a suit against the [government] entity" that employs the official (citations omitted)). Therefore, an official-capacity claim against a federal judge like Judge Campbell is barred by the United States' sovereign immunity. *See Nuclear Transp. & Storage, Inc. v. United States*, 890 F.2d 1348, 1352 (6th Cir. 1989) ("Since the United States has not waived its sovereign-immunity and consented expressly to be sued in a *Bivens*-type action, such suits cannot be brought against the United States." (citation omitted)).

3

Second, as to the individual-capacity claims against Judge Campbell, he cannot be sued for either monetary or non-monetary relief. A judge performing judicial functions enjoys absolute immunity from suits seeking monetary damages unless 1) the judge acted in a nonjudicial capacity, or 2) the judge acted in the complete absence of all jurisdiction. *Byrdwell v. Goodwin*, No. 20-6114, 2021 WL 11569474, at *2 (6th Cir. May 27, 2021) (citing *Mireles v. Waco*, 502 U.S. 9, 9–12 (1991) (per curiam)). Here, Young's motions for compassionate release and to vacate, set aside, or correct his sentence were clearly within the proper exercise of Judge Campbell's jurisdiction.[2] A failure to rule on the motions on Young's preferred timetable—or at all—does not abrogate that jurisdiction or otherwise remove Judge Campbell's immunity. He is protected from suit for damages attributable to any judicial acts he failed to take while properly exercising jurisdiction over the subject matter of the case. *Id.* ("Because Judge Goodwin was not acting in the absence of all jurisdiction when she failed to rule on Byrdwell's motions, she was entitled to judicial immunity."); *see also Marshall v. Bowles*, 92 F. App'x 283, 284–85 (6th Cir. 2004) (finding defendant judge immune from suit for damages based on acts including "failing to rule on a motion," because such acts "are judicial functions exercised under proper jurisdictional authority").

Young's request for injunctive relief is also barred because federal judges, like Judge Campbell, are "immune from *Bivens* suits for equitable relief." *Newsome v. Merz*, 17 F. App'x 343, 345 (6th Cir. 2001) (citations omitted); *see also Kipen v. Lawson*, 57 F. App'x 691, 691 (6th Cir. 2003) ("Absolute immunity in *Bivens* actions against federal judges has also been extended to

---

[2] Young appears to allege that his Section 2255 motion invoked an appellate process "normally performed by justices" (Doc. No. 1 at 2), but that is simply untrue. Section 2255 motions attack federal sentences and are therefore properly filed in "the court which imposed the sentence," 28 U.S.C. § 2255(a)—here, the Middle District of Tennessee.

4

requests for injunctive relief." (citation omitted)). Considering these immunities, Young cannot plausibly claim relief against Judge Campbell.

Even if Young could seek relief against Judge Campbell, subsequent developments in his criminal and Section 2255 cases have obviated any need for such relief, rendering his request moot.[3] The filings in those cases reveal that Young's June 2022 compassionate release motion was denied with reservation of ruling on a subsequent motion for sentence reduction, *see United States v. Young*, No. 3:20-cr-169, Doc. No. 63 (M.D. Tenn. Apr. 24, 2024), and that counsel was appointed for Young in his Section 2255 case, which is scheduled for hearing on February 5, 2025. *See Young v. United States*, No. 3:22-cv-812, Doc. Nos. 20, 25 (M.D. Tenn. 2024).

In sum, Young cannot claim entitlement to relief against Judge Campbell. His lawsuit must therefore be dismissed.

## IV. CONCLUSION

For the above reasons, this action is dismissed with prejudice under 28 U.S.C. § 1915A(b), for failure to state a claim upon which relief may be granted and for seeking monetary relief from an immune defendant. Given the dismissal, Young's pending motion for appointment of counsel (Doc. No. 11) is denied as moot.

The court certifies that any appeal from this dismissal would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

This being a final order in this action, the Clerk shall therefore enter judgment. Fed. R. Civ. P. 58(b)(1). It is so ordered.

---

[3] The court may take judicial notice of filings in Young's criminal and Section 2255 cases. *ZMC Pharmacy, LLC v. State Farm Mut. Auto. Ins.*, 307 F. Supp. 3d 661, 665 n.1 (E.D. Mich. 2018) ("It is well established that a court can take judicial notice of its own files and records under Rule 201 of the Federal Rules of Evidence." (citations omitted); *see Mallory v. Eyrich*, 922 F.2d 1273, 1281 (6th Cir. 1991) (taking judicial notice of "developments in this case since this particular appeal was commenced").

5

*Julia S. Gibbons*
JULIA S. GIBBONS
Senior United States Circuit Judge
(sitting by designation)